# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

KEVIN J. SMART, )
 )
    Movant, )
 )
v. ) Case No. CV608-010
 ) [underlying CR605-039]
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## REPORT AND RECOMMENDATION

Kevin Smart has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 3.)

## I. BACKGROUND

On December 8, 2005, Smart was indicted by a federal grand jury on one count of possession with intent to distribute powder cocaine, one count of possession with intent to distribute marijuana, and one count of possession of a firearm in furtherance of a drug trafficking crime. (Cr. Doc.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV608-010. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-039.

1.) Smart entered a negotiated plea of guilty to possession with intent to distribute cocaine, as charged in Count 1 of the indictment. (Cr. Doc. 33.) On July 18, 2006, the Court sentenced Smart to ninety-six months' imprisonment, which was to run consecutively to a sentence imposed in the Bulloch County Superior Court. (Cr. Doc. 34.) He was also sentenced to five years' supervised release, assessed $100, and fined $2000. (Id.) He was ordered ineligible for all federal benefits for a period of ten years. (Id.)

Smart appealed on July 21, 2006. (Cr. Doc. 35.) On February 8, 2007, the Eleventh Circuit affirmed his conviction and sentence. United States v. Smart, 218 F. App'x 836 (11th Cir. 2007).

Smart is currently incarcerated at the Federal Correctional Institution in Salters, South Carolina. (Doc. 3 at 4.) He timely filed his 28 U.S.C. § 2255 motion asserting the following grounds for relief:

(1) trial and appellate counsel were ineffective for failing to invoke the Full Faith and Credit Act under 28 U.S.C. § 1738; and

(2) trial and appellate counsel were ineffective for failing to object to the sentencing judge's alleged violation of Jones v. United States, 988 F.2d 1097 (11th Cir. 1990).

The government responded on March 12, 2008. (Doc. 3.)

## II. ANALYSIS

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Claims of ineffective assistance of counsel, however, are not subject to the procedural default rule. Because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Thus, the Court is obligated to analyze Smart's claims that his attorney (Lance Hamilton) rendered ineffective assistance both at trial and on direct appeal.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-prong test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not

3

functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a movant must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland,

466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52.

Smart contends that his attorney was ineffective for failing to: (1) invoke the Full Faith and Credit Act, 28 U.S.C. § 1738, and (2) object to an alleged Jones violation made by the sentencing judge.

### A. Failure to Invoke the Full Faith and Credit Act

The sentencing judge, when contemplating Smart's multiple drug-related criminal convictions in the state of Florida, stated that "Florida does

not take drug trafficking seriously."[2] (Sent. Hr'g Tr. 9.) Smart contends that this statement, taken along with the sentencing judge's fifty-nine month upward variance from the sentencing guidelines' recommended range,[3] indicates that the judge did not give full faith and credit to movant's state criminal convictions as required by 28 U.S.C. § 1738.[4] (Doc. 1 Attach. 14.) Consequently, he argues that his attorney was ineffective for failing to object on this ground at trial and on appeal. This assertion, however, is absolutely meritless for three reasons: first, nothing in the record indicates

---

[2] The United States Probation Office's presentence investigation report ("PSI") reveals that movant had an extensive criminal history in the state of Florida. (PSI 5-12.) He had been arrested on drug related charges nine times in a ten year period, though the charges for two of the arrests were dismissed. (Id. at 11-12.) He was also arrested on several other non drug-related grounds in that time period. (Id.)

[3] The Eleventh Circuit clearly held that the sentencing judge employed a sentencing variance under 18. U.S.C. § 3553(a) rather than an upward departure from the sentencing guidelines under the United States Sentencing Guidelines Manual § 4A1.3. Smart, 218 F. App'x at 839.

[4] The government argues that Smart is prohibited from litigating this issue in collateral proceedings because the argument was already raised and rejected by the Eleventh Circuit. (Doc. 3 at 7.) The crux of the government's argument is that Smart is merely recharacterizing and reasserting his claim that the sentence imposed was an invalid upward departure from the sentencing guidelines recommended sentence. (Id.) The government is clearly correct that movant is barred from attacking the sentencing variance, as his position was already addressed and denied on appeal. A "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citations omitted). A "rejected claim does not merit rehearing on a different, but previously available, legal theory." Id. The Court is of the opinion, however, that Smart also presents a separate and distinct claim for ineffective assistance of counsel that must be analyzed in the present § 2255 proceeding.

that the district judge failed to give full faith and credit to the Florida courts' sentencing decisions. Second, trial counsel actually raised the argument at sentencing. And third, even if the Court were to apply the statute in the manner Smart suggests,[5] counsel's failure to raise the argument is not ineffective assistance.

The sentencing judge determined, based upon the factors listed in 18 U.S.C. § 3553(a), that a variance from the sentencing guidelines' recommended sentence was necessary to serve the ends of justice. (Sent. Hr'g 15-16.) Applying the factors listed in the statute, he found that an upward variance served the need to protect the public from further crimes of the defendant. (Id.) The Eleventh Circuit upheld his determination. Smart, 218 F. App'x at 838-40. Nothing in the record indicates that the sentencing judge re-sentenced movant for his past criminal convictions, though it is clear from his comment that he took the prior convictions into account in determining movant's sentence. Sentencing judges are clearly

---

[5] To the extent that Smart argues that the Full Faith and Credit Act, 28 U.S.C. § 1738, supercedes the sentencing variance statute, 18 U.S.C. § 3553, that claim is procedurally defaulted because it was not raised on appeal. Lynn, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").

permitted to take past criminal acts into account in formulating a sentence. Witte v. United States, 515 U.S. 389, 397-98 (1995); see United States v. Long, No. 07-11149, 2008 WL 612594, at *2-3 (11th Cir. March 6, 2008); 18 U.S.C. §§ 3553(a)(1), (2). In addition, "the principles that underlie the Full Faith and Credit Act are simply not implicated when a federal court endeavors to determine how a particular state criminal proceeding is to be treated, as a matter of federal law, for the purpose of sentencing the defendant for a distinct and unrelated federal crime." United States v. Fazande, 487 F.3d 307, 308-9 (5th Cir. 2007); United States v. Guthrie, 931 F.2d 564, 571 (9th Cir. 1991) ("Full Faith and Credit . . . and related jurisdictional principles . . . are inapplicable . . . where the issue is the role of prior state convictions in a federal sentencing scheme."); United States v. Jones, 415 F.3d 256, 265 (2d Cir. 2005); United States v. Carter, 186 F. App'x 844, 847 (10th Cir. 2006). Consequently, as the sentencing judge made no error, counsel had no duty to object on this ground. Strickland, 466 U.S. at 690.

Furthermore, trial counsel *did* raise the full faith and credit argument at sentencing by stating that "the [PSI's] recommended sentence would ask

this Court to second-guess a finder of fact in the State of Florida as to what should have been a more appropriate sentence." (Sent. Hr'g 11-12.) Though he did not specifically cite the Full Faith and Credit Act, counsel raised the essential argument underlying movant's present contention. As counsel actually raised the argument, Smart cannot now argue that trial counsel's actions fell outside of the wide range of professionally competent assistance. See Griffin v. United States, 204 F. App'x 792, 795 (11th Cir. 2006); Chandler v. United States, 218 F.3d 1305, 1313-16 (11th Cir. 2000). At the appellate level, counsel was under no duty to raise the argument. Jones, 463 U.S. at 751-52 (noting that appellate counsel should "winnow out" weaker arguments).

Finally, even if the Court were to hold that the Full Faith and Credit Act "trumps" the sentencing variance statute, its application in this case would present a major expansion or change in sentencing law. The Eleventh Circuit has held that "it is not ineffective assistance for an attorney to fail to foresee a change in the law . . . even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." United

States v. Ardley, 279 F.3d 991, 993 (11th Cir. 2001) (citations omitted). Smart's contention is therefore without merit.

### B. Failure to Object to Alleged Jones Violation

In Jones, 988 F.2d at 1103, the Eleventh Circuit held that a sentencing judge must elicit "fully articulated objections following the imposition of sentence, [and if it fails to do so the Eleventh Circuit] will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." Smart contends that the sentencing judge failed to elicit the required objections and both his attorney failed to object to this alleged Jones violation.[6] (Doc. 1 Attach. 18.)

The purported transgression occurred during the following exchange at Smart's sentencing:

---

[6] To the extent that Smart attempts to directly raise the alleged Jones violation, the Court notes that the claim is procedurally defaulted as it was not raised at trial or on appeal. Lynn, 365 F.3d at 1234. As this ineffective assistance of counsel claim similarly fails and Smart presents no other reason to excuse the resulting procedural default, the underlying claim need not be further analyzed. See Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3rd Cir. 1992). Even more importantly, a violation under Jones implicates no constitutional guarantees. Jones was decided solely under the court's supervisory power. Jones, 899 F.2d at 1102. Such "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and ... may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

| | |
|---|---|
| THE COURT: | Are there any objections to the Court's finding of fact, conclusions of law, or to the manner in which the sentence was pronounced, Mr. McCullough? |
| McCULLOUGH: | Not from the United States, your Honor. |
| THE COURT: | You want to preserve all of your objections and arguments; do you not, Mr. Hamilton? |
| HAMILTON: | Yes, Your Honor, I do. |
| THE COURT: | You do not need to rearticulate those. They will be deemed not waived, including the argument that the sentence should be within the parameters of the advisory guidelines. |
| HAMILTON: | Yes, sir. |

(Sent. Hr'g Tr. 18-19.) Smart asserts that the judge deprived counsel of an opportunity to raise any new objections by failing to ask him directly if he had any additional objections. (Doc. 1 Attach. 25.) The judge, however, permitted counsel to speak in response to his questions. Despite the perfunctory nature of the final moments of the proceeding, there is simply no indication that the sentencing judge took any action to prevent counsel from adding objections to those already raised. As there was no Jones violation on these facts, counsel cannot be said to have performed deficiently by failing to raise an objection.

11

Furthermore, even if a Jones violation did occur, resentencing is not required when "the record on appeal is sufficient to enable [appellate] review." United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007); United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991) (notwithstanding a technical violation of Jones, when the record on appeal is sufficient for meaningful appellate review there is no need to remand for resentencing). It is inherent in the appellate court's decision that it found the record on appeal sufficient to enable meaningful review. See Smart, 218 F. App'x at 838-41. Accordingly, Smart can show no prejudice arising from counsel's failure to raise this unnecessary objection. Even if the issue had been raised, the Eleventh Circuit's affirmance clearly demonstrates that the outcome of the case would have been no different. Strickland, 466 U.S. at 694.

## IV. CONCLUSION

Smart has failed to demonstrate that either his trial or appellate counsel was ineffective. The Court therefore recommends that his § 2255

motion be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 8TH day of April, 2008.

                                                           _/s/ M. Smith_
                                                           **UNITED STATES MAGISTRATE JUDGE**
                                                           **SOUTHERN DISTRICT OF GEORGIA**