UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEVIN J. SMART

v.                    608CV010
                      605CR039

UNITED STATES

# ORDER

## I. INTRODUCTION

Kevin Smart unsuccessfully moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. The Magistrate Judge (MJ) recommended, and this Court agreed, that Smart's motion is meritless. 608CV010, doc. ## 5, 10, 11.

Construing Smart's application for a Certificate of Appealability (COA, doc. # 12) as an implied Notice of Appeal and an implied motion for leave to proceed *in forma pauperis* (IFP) on appeal, the Court is confronted with Smart's argument that, in sentencing him upon his guilty plea, it violated his constitutional and statutory right to the "Full Faith and Credit" accorded a prior state court judgment against him.[1]

Smart entered a negotiated plea of guilty to possession with intent to distribute cocaine, as charged in Count 1 of the indictment. 605CR039, doc. # 33. This Court later sentenced him to ninety-six months' imprisonment, which was to run consecutively to a sentence imposed in the Bulloch County, Georgia Superior Court. *Id.*, doc. # 34. The Court also sentenced him to five years' supervised release, assessed him $100, fined him $2000, and deemed him ineligible for all federal benefits for a period of ten years. *Id.*

Because this Court upwardly departed from the federal guidelines in sentencing him -- in no small part because of his prior convictions in Florida -- this violated the Full Faith and Credit Act, 28 U.S.C. § 1738, says Smart. That Act, based on its constitutional counterpart, provides that the judicial proceedings of other states "shall have the same full faith and credit within every court within the United States ... as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." *Id.*; 608CV010, doc. # 1-2; *see also* doc. # 9 at 25 (R&R Objection raising same argument).[2]

This "Full Faith" argument has been raised elsewhere:

"[T]he 'principles of federalism and comity embodied in the full faith and credit statute,' *Growe v. Emison*, 507 U.S.

---

[1] A COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't. of Corrections*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007); 28 U.S.C. § 2253(c)(2).

With respect to his IFP motion, Smart is not subject to the Prison Litigation Reform Act of 1995, Pub.L.No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), rev'd on other grounds, *Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means he must show that he is raising at least one appellate issue that

could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

[2] Smart also invokes the Constitution's Full Faith and Credit Clause. *See* U.S. Const. Art IV, § 1. Doc. # 12 at 2. That Clause does not "bind federal courts. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986); *see also Conn. Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 248 (5th Cir.2002) (stating that the Full Faith and Credit Act 'extends to the federal courts the requirements of the Full Faith and Credit Clause of the Constitution, which applies of its own force only to state courts)." *U.S. v. Castellon*, 228 Fed.Appx 494, 496 (5th Cir. 2007).

25, 35, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993), are not endangered when a sentencing court, not questioning the propriety of the state's determination in any way, interprets how to apply New York's youthful offender adjudications to a Guidelines analysis.... The federal sentencing court is neither refusing to recognize nor relitigating the validity of [defendant's] New York state judgment of conviction or his youthful offender sentence. Instead, it is merely noticing and acting upon the fact of [defendant's] prior conviction."

U.S. v. Jones, 415 F.3d 256, 265 (2d Cir. 2005) (internal citations omitted); *quoted in Saleh v. Gonzales,* 495 F.3d 17, 26 (2nd Cir. 2007).

Smart seems to be arguing that he served his time for his Florida crimes and thus it violates the Full Faith and Credit Clause and Act to even *sub silentio* deem the Florida punishment too lenient and thus "make up for it" by way of an enhanced federal sentence here. Doc. # 12 at 1-3 (Smart raises this by way of an ineffective assistance of counsel claim, contending that his counsel failed to properly litigate this at sentencing and on direct appeal).

However, the case law militates against Smart. *See, e.g., Castellon,* 228 Fed.Appx. at 496 (district judge's decision to use defendant's prior state deferred adjudication to enhance defendant's sentence for federal drug trafficking crimes did not violate the Full Faith and Credit Act; principles of Full Faith and Credit Act were simply not implicated when a federal court endeavored to determine how a particular state criminal proceeding was to be treated, as a matter of *federal* law, for the purpose of sentencing defendant for a distinct and unrelated federal crime); *U.S. v. Carter,* 186 Fed.Appx. 844, 847 (10th Cir. 2006) ("[T]he characterization of state court judgments to determine their consequences under the United States Sentencing Guidelines is a *federal* question").

Citing *DeMent v. Oglala Sioux Tribal Court,* 874 F.2d 510, 514 (8th Cir. 1989), Smart contends that the issue is at least debatable among jurists of reason, doc. # 12 at 6-7, but *DeMent* spoke of a federal statute enacted to "remedy the inapplicability of the full faith and credit requirements to custody determinations and to deter parents from kidnapping their children to relitigate custody in another state." *Id.* at 514 n. 3. It is unquestionably inapposite.

Accordingly, the Court *DENIES* 28 U.S.C. § 2255 movant Kevin Smart's COA/IFP motions. Doc. # 12.

This __28__ day of July, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA